No. 22-3312

IN THE UNITED STATES COURT OF
APPEALS FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA                    *APPELLEE*

VS.

DEMARCUS GEORGE                             *APPELLANT*

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF ARKANSAS

Honorable Brian S. Miller
United States District Judge

APPELLANT'S REPLY BRIEF

LISA G. PETERS
FEDERAL DEFENDER

By:   Sylvia Talley
      Assistant Federal Defender
      Federal Defender Office
      1401 W. Capitol Ave., Suite 490
      Little Rock, AR 72201
      (501) 324-6113
      Sylvia_Talley@fd.org

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................ ii

TABLE OF AUTHORITIES ........................................................ iii

ARGUMENT ....................................................................... 1

    I.   The district court did not satisfy the pronouncement requirement; thus, the 13 standard conditions of supervised release must be vacated. ............ 1

CONCLUSION .................................................................... 11

CERTIFICATE OF SERVICE/COMPLIANCE ..................................... 12

Appellate Case: 22-3312    Page: 2    Date Filed: 04/07/2023 Entry ID: 5262879

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                 **PAGE(S)**

*United States v. Brave*, 642 F.3d 625 (8th Cir. 2011) ........................................... 5

*United States v. Diggles*, 957 F.3d 551 (5th Cir. 2020) .................................... 8, 9

*United States v. Drapeau*, 644 F.3d 646 (8th Cir. 2011) ...................................... 6

*United States v. Harris*, 794 F.3d 885 (8th Cir. 2015) ..................................... 4-5

*United States v. Johnson*, 765 F.3d 702 (7th Cir. 2014) ....................................... 4

*United States v. Matthews*, 54 F.4th 1 (D.C. Cir. 2022) ................................... 6-7

*United States v. Montoya*, 48 F.4th 1028 (9th Cir. 2022) ..................................... 5

*United States v. Montoya*, 54 F.4th 1168 (9th Cir. 2022) ..................................... 5

*United States v. Napier*, 463 F.3d 1040 (9th Cir. 2006) ....................................... 5

*United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020) ........................... 3-4, 7, 8, 9

*United States v. Truscello*, 168 F.3d 61 (2d Cir. 1999) ........................................ 5

**FEDERAL STATUTES**

18 U.S.C. § 3563 ................................................................................................. 6

18 U.S.C. § 3583 ........................................................................................... 6, 7, 9

**FEDERAL SENTENCING GUIDELINE(S)**

U.S.S.G. § 5D1.3 ............................................................................................ 5, 6

Appellate Case: 22-3312     Page: 3     Date Filed: 04/07/2023 Entry ID: 5262879

## ARGUMENT

**I.   The district court did not satisfy the pronouncement requirement; thus, the 13 standard conditions of supervised release must be vacated.**

The government does not dispute that the district court made no mention of the 13 standard conditions of supervised release at Mr. George's sentencing.  Nor does it dispute that the district court never informed Mr. George that he would have to comply with these conditions of supervised release.

Nevertheless, the government argues that the district court did not abuse its discretion in including these conditions in the written judgment. In so arguing, the government asserts that the district court "generally referred to conditions of supervised release," and "this yielded—at most— an ambiguity and not an inconsistency or conflict between the oral pronouncement of the sentence and the standard conditions in the judgment." (Appellee Br., at 23).

Not so.  Rather than "generally refer[ring] to conditions of supervised release," Appellee Br., at 23, the district court unambiguously announced specific conditions of supervised release that Mr. George would be subject to, stating:

1

I will order him to participate in sex offender treatment, which may include—well, the probation office will set the terms of that treatment. He'll also have to pay the 10-dollar co-pay for that. I am going to order him to mental health counseling as a condition of his supervision. He'll have to pay—what will happen, Mr. George, is a counselor will assess you and then will give you the treatment that you need and you'll have to pay a 10-dollar co-pay for that. As far as all the computer monitoring and all that, I am not going to assess all that. I'm going to order that probation provide the state of Arkansas with any information it needs to list Mr. George under the sex predator statutes and sex offender statutes and notification statutes.  (S. TR., Vol. 1, p. 10).

I'm going to order that Mr. George not possess any visual depictions including photographs, film, video or other types of computer-generated images of any sexual acts.[1] I'm going to order that Mr. George not be permitted to enter any type of adult book stores, strip clubs, adult sex-themed entertainment.  I'm going to order that he not have any direct contact with any children under the age of 18,[2] that he not go to or remain in any place where he knows that children under the age of 18 are present including parks, schools, playgrounds, and childcare facilities.  (S. TR., Vol. 1, pp. 10-11).

---

[1] As it relates to the possession-of-pornography condition, Mr. George maintains that the condition in the written judgment, Special Condition 3, "conflicts with the district court's oral pronouncement and thus the written judgment must be amended to conform to the oral sentence." (Appellant Br., at 19).

[2] As it relates to the no-direct-contact condition, Mr. George maintains that the condition in the written judgment, Special Condition 5, "places an additional burden on [him] to report any knowing direct contact with any child under the age of 18 to the probation officer;" thus, this portion of the written condition must be stricken. (Appellant Br., at 19-20).

2

I'm going to order him to participate in a substance abuse treatment program. I might have said that, but just to make sure. May include drug and alcohol testing, outpatient counseling, and residential treatment. I'm going to order him to abstain from the use of alcohol during the course of treatment. He'll have to pay the co-pay of $10 per session, and all of those co-pays are based on your ability to pay. I'm also going to order him to pay the 100-dollar special assessment. I'm not going to impose a fine and I am going to order him to cooperate in the collection of DNA. **I think that's all the conditions I have**. . . . I'll order him not to have contact with CT.  (S. TR., Vol. 1, p. 11).

So, despite the government's assertions, no ambiguity exists here. *See United States v. Rogers*, 961 F.3d 291, 299-300 (4th Cir. 2020) (explaining that while a "district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation – by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment," "[t]he problem is that in this case, the district court in fact did *not* incorporate the Standing Order into Roger's oral sentence.  What the district court announced was only that it was imposing 'an additional term of supervision of 12 months.'  It made no reference to any conditions or to the Standing Order. . . . On this record, there is no ambiguity: We are left without any objective indication that at the time of sentencing—the time that

Appellate Case: 22-3312     Page: 6     Date Filed: 04/07/2023 Entry ID: 5262879

counts, when the defendant is in the courtroom—the district court actually imposed any non-mandatory conditions on Roger's supervised release.").

That is to say, the district court's inclusion of the 13 standard conditions of supervised release in the written judgment did not serve to clarify the unambiguous oral conditions. (Appellee Br., at 26). The written judgment is thus inconsistent with the oral sentence, and altered and broadened Mr. George's sentence. *See e.g.*, *United States v. Johnson*, 765 F.3d 702, 711 (7th Cir. 2014) (concluding that standard conditions included in the written judgment were inconsistent with the district court's oral order where the district court "unambiguously announced several specific conditions of supervised release at [defendant's] sentencing hearing and did not include any statement as to whether other standard conditions would apply"; "[If] the oral version is unambiguous, there is no need to look beyond the oral version for any clarification from the written version. . . . The written version is thus a nullity, not requiring further discussion."); *cf. United States v. Harris*, 794 F.3d 885, 889 (8th Cir. 2015) (noting that while the parties addressed the written version of the challenged special condition, "the written judgment is not the correct focus. It is well established that when an oral pronouncement of sentence conflicts with the written judgment, the oral pronouncement

4

controls. The sentencing court cannot alter the terms of a sentence once the defendant has begun to serve it[.]" (internal citations omitted)); *United States v. Brave*, 642 F.3d 625, 627 (8th Cir. 2011) (reiterating that the "oral pronouncement by the sentencing court is the judgment of the court").

Accordingly, this Court must vacate the 13 standard conditions of supervised release.

Relying principally on *United States v. Truscello*, 168 F.3d 61 (2d Cir. 1999) and *United States v. Napier*, 463 F.3d 1040 (9th Cir. 2006),[3] the government also argues that "[t]he boilerplate conditions of standard supervised release found in U.S.S.G. § 5D1.3(c)" are "basic administrative requirement[s] essential to the functioning of the supervised release system" and that they are "sufficiently detailed that many courts find it unnecessarily burdensome to recite them in full as part of the oral sentence." (Appellee Br., at 21 and 22). And thus, according to the government, "the imposition of the

---

[3]It must be noted that *Truscello* was decided when the Guidelines were mandatory, and *Napier*—which was decided one year after the Guidelines were rendered advisory—relied solely on *Truscello*. Also, the Ninth Circuit is currently revisiting its holding in *Napier* that standard conditions need not be orally pronounced at sentencing. *See United States v. Montoya*, 48 F.4th 1028, 1038 (9th Cir.), *reh'g granted and opinion vacated*, 54 F.4th 1168 (9th Cir. 2022).

5

standard conditions is implicit in the district court's oral sentence imposing

supervised release."[4]  (Appellee Br., at 24).

As the D.C. Circuit explained in rejecting this same argument:

> no matter how commonsensical the standard conditions may
> seem, the governing statute classifies them as discretionary, as
> does the policy statement itself. *See* 18 U.S.C. § 3583(d); U.S.S.G.
> § 5D1.3(c).  And courts may impose discretionary conditions
> only after making an individualized assessment of whether they
> are "reasonably related" to normal sentencing factors, 18 U.S.C.
> § 3583(d)(1), and whether they involve "no greater deprivation
> of liberty than is reasonably necessary" under the
> circumstances, *id.* § 3583(d)(2).  Moreover, even the most
> pedestrian of the conditions contains a level of detail that cannot
> plausibly be characterized as implicit in supervised release
> itself—for example, the requirement to report to the probation
> office within 72 hours of release rather than, say, within 48 hours
> or 96 hours.  U.S.S.G. 5D1.3(c)(1).  And some of the standard
> conditions are quite intrusive—for example, the requirements to
> live somewhere approved by the probation officer, *id.* §
> 5D1.3(c)(5), and to work full time unless excused by the
> probation officer, *id.* § 5D1.3(c)(7).  For these reasons, the

---

[4] The government also cites this Court's opinion in *United States v. Drapeau*,
644 F.3d 646, 656 (8th Cir. 2011), in arguing that the imposition of the
standard conditions is implicit in the district court's oral sentence. (Appellee
Br., at 24).  There, however, the district court announced at the sentencing
hearing that the defendant "shall comply with the standard conditions that
have been adopted by this court." *Drapeau*, 644 F.3d at 657 ("Drapeau was
aware that the district court had stated that the standard conditions would
apply and thus had the opportunity to ask the district court to specify which
[18 U.S.C.] § 3563(c) standard conditions would be applied.").  It bears
repeating that the district court here never mentioned that the standard
conditions applied to Mr. George.  So, *Drapeau* does not save the day for the
government.

Appellate Case: 22-3312     Page: 9     Date Filed: 04/07/2023 Entry ID: 5262879

standard conditions cannot be treated as legally or practically compelled by the imposition of any term of supervised release.

*United States v. Matthews*, 54 F.4th 1, 6 (D.C. Cir. 2022). The Fourth Circuit has also elaborated on why standard conditions are not implicit in the district court's oral sentence imposing supervised release:

> Either conditions are mandated by statute, or they are not. And if they are not – if they instead are discretionary and authorized only after individualized assessment and consideration of § 3583(d)'s factors – then we cannot deem them "implicit" in every oral sentence imposing a term of supervised release, no matter the particular circumstances, or assume that they merely "clarify" the meaning of such sentences[.] Some of those conditions may be "recommended" as "standard" by the Guidelines. But the Guidelines do not purport to make even "standard" conditions mandatory, and of course they could not: "[T]he fact that the Guidelines have labelled certain conditions as standard conditions does not change the fact that Congress has classified those conditions as discretionary conditions under § 3583(d)." If we are to remain faithful to the statutory language, under which the imposition of *any* discretionary condition must be justified under the § 3583(d) factors, then we may not simply import discretionary conditions – no matter how sensible and routine – into oral sentences as a matter of course.

*Rogers*, 961 F.3d at 299 (internal citations omitted). So, while it is permissible to "assume that every oral sentence of supervised release imposes the conditions mandated by statute," "the same is not true of discretionary conditions: A district court may impose those conditions only after an individualized assessment indicates that they are justified in light of the

statutory factors." *Id.* at 297. As such, it cannot be "assume[d] that any set of discretionary conditions—even those categorized as 'standard' by the Guidelines—will be applied to every defendant placed on supervised release, regardless of conduct or circumstances." *Id.* at 297-98. "As commonplace and sensible as these . . . conditions may be across federal sentences, Congress has not mandated their imposition." *Id.* at 298.

Consequently, "[i]f a district court does choose to impose them, they must be announced at sentencing." *Id. See also United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) ("We therefore reject the byzantine distinctions we have drawn between standard, mandatory, standard-but-listed-in-the-judgment-as-special, 'true' special, and not-really-special conditions when it comes to pronouncement. From now on, what matters is whether a condition is required or discretionary under the supervised release statute. If a condition is required, making an objection futile, the court need not pronounce it. If a condition is discretionary, the court must pronounce it to allow for an objection." (internal citations omitted)).

Furthermore, the requirement that discretionary conditions be orally pronounced at sentencing not only complies with the defendant's right to be

present at sentencing,[5] but it also "brings the pronouncement rule into line with the requirement that discretionary conditions be adequately explained." *Rogers*, 961 F.3d at 298, 300 ("The requirement that discretionary conditions be pronounced in open court gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in § 3583(d)."). *See also Diggles*, 957 F.3d at 560 ("The pronouncement requirement is not a meaningless formality. . . . [I]t is part of the defendant's right to be present at sentencing, which in turn is based on the right to mount a defense.").

Given that the pronouncement requirement was not satisfied here—i.e., the district court did not announce or even refer to the 13 standard conditions of supervised release at Mr. George's sentencing—this Court must vacate the 13 standard conditions of supervised release included in the written judgment.

---

[5] *Rogers*, 961 F.3d at 298 (explaining that "foregoing oral pronouncement of discretionary conditions will leave defendants without their best chance to oppose supervised-release conditions that may cause them unique harms and thus directly implicate their right to be present at sentencing").

9

Furthermore, for the reasons stated in his initial brief, Mr. George maintains that his above-Guidelines sentence of life sentence is substantively unreasonable. (Appellant Br., at 9-14).

Appellate Case: 22-3312   Page: 13   Date Filed: 04/07/2023 Entry ID: 5262879

## CONCLUSION

For the reasons stated herein and in his initial brief, Appellant George respectfully requests that this Court vacate his life sentence and the 13 standard conditions of supervised release.

Respectfully submitted,

LISA G. PETERS
FEDERAL DEFENDER

By: /s/ Sylvia Talley
Sylvia Talley, Bar No. 2014077
Assistant Federal Defender
The Victory Building
1401 West Capitol Avenue, Suite 490
Little Rock, AR 72201
(501) 324-6113
E-mail: sylvia_talley@fd.org

11

## <u>CERTIFICATE OF SERVICE/COMPLIANCE</u>

I hereby certify that on April 5, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that the Appellee in the case is a registered CM/ECF user and that service will be accomplished by the CM/ECF system. I certify the brief has been scanned for viruses and is virus-free. I also certify that the name and version of the word processing software used to prepare this brief is Microsoft Word 2016 MSO. I certify the full text of this brief was prepared in Book Antiqua, size 14, and that this brief contains 2798 total words.

I further certify that a true and correct copy of this Appellant's Reply Brief has been mailed to the Appellant, DeMarcus George, at his current address, and served upon the government by mail at the address below:

DeMarcus George, #32906-009
USP Coleman I
U.S. Penitentiary
P.O. Box 1033
Coleman, FL 33521

Kristin Bryant
Assistant U.S. Attorney
U.S. Attorney's Office
Eastern District of Arkansas
425 W. Capitol Avenue
P.O. Box 1229
Little Rock, AR 72203

<u>/s/ Sylvia Talley</u>
Sylvia Talley

Appellate Case: 22-3312    Page: 15    Date Filed: 04/07/2023 Entry ID: 5262879